MEMORANDUM *
*890 Appellant Douglas E. Grogg, who worked for the Department of Defense, Reutilization, and Marketing Service, appeals his jury conviction of theft of government funds in violation of 18 U.S.C. § 641. The charge arose from Grogg’s submission of fraudulent travel vouchers and other documents. Grogg presents two challenges to his conviction. First, he alleges that the district court erred in admitting a document under Fed.R.Evid. 803(6), the business record exception to the hearsay rule. Second, he alleges that the district court improperly dismissed a juror for cause, without making certain inquiries or applying the proper standard.
We review for abuse of discretion a district court’s decision to admit evidence under an exception to the hearsay rule, or as an admission by a party-opponent. United States v. Johnson, 297 F.3d 845, 862-63 (9th Cir.2002); Pierce v. County of Orange, 526 F.3d 1190, 1202 (9th Cir.2008). We also review for an abuse of discretion the district court’s exclusion of a juror for cause. United States v. Beard, 161 F.3d 1190, 1193 (9th Cir.1998).
Grogg’s first claim is based on a flawed interpretation of the record. Although the district court at one point discussed the need to authenticate the document in issue as a business record, it determined admissibility under the standard governing admissions of a party-opponent. See Fed.R.Evid. 801(d)(2). The requisite foundation was sufficiently established: the document was from a “Douglas E. Grogg,” had a signature identical to Grogg’s, displayed his social security number, and was mailed from the office to which Grogg had been assigned. Indeed, Grogg’s brief concedes that the document “contained a wealth of indicia that it was of [Grogg’s] making.” We are satisfied that the document was properly admitted as an admission of a party-opponent.
Next, Grogg argues that the district court erroneously excused a potential juror for cause. The juror indicated that he was a registered sex offender and was afraid that the other jurors on the panel would find him out by searching the internet for publicly available sex offender registration records. The juror also stated that his fear of being discovered would make it more difficult for him to follow the testimony, and responded “definitely, definitely” when asked if his concerns would affect his ability to deliberate with other jurors. He was near tears as he explained this concern. The district court doubted his ability to concentrate on the evidence and reach a fair result, and accordingly excused the juror.
A trial judge has broad discretion in determining the competency or impartiality of jurors. United States v. Martinez-Martinez, 369 F.3d 1076, 1081-82 (9th Cir.2004). We must affirm the trial court’s decision to excuse a juror for cause “unless we are left with the definite and firm conviction that the court committed a clear error of judgment in reaching its conclusion after weighing the relevant factors.” United States v. Egbuniwe, 969 F.2d 757, 761 (9th Cir.1992) (internal quotation marks and citation omitted). Contrary to Grogg’s contention, the trial judge need not ask in every case whether a juror can suspend a stated belief and render impartial service. The crucial issue with regard to the juror in question was not partiality, but whether his concerns about his sex offender status would prevent him from evaluating the evidence and participating adequately in jury deliberations. The district court’s inquiry established that the man could not function as properly as a *891 juror. It was not an abuse of discretion to dismiss him.
The judgment of the district court is
AFFIRMED.

 This disposition is not appropriate for publica-lion and is not precedent except as provided *890 by 9 th Cir. R. 36-3.